Filed 9/16/15  P. v. Hinds CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>JOSHUA LYNN HINDS,<br><br>     Defendant and Appellant. | C077458<br><br>(Super. Ct. Nos.<br>12F8736 & 13F7897) |

Appointed counsel for defendant Joshua Lynn Hinds has asked this court to review the record to determine whether there exist any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment and remand for correction of the abstract of judgment.

1

# I

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

## Case No. 12F8736

On December 27, 2012, defendant was charged by criminal complaint, deemed the information, with corporal injury to a spouse, cohabitant, or parent of a child (Pen. Code, § 273.5, subd. (a) -- count 1),[1] possession of a firearm by a felon (§ 29800, subd. (a) -- count 2), receipt of stolen property (§ 496, subd. (a) -- count 3), and illegal possession of ammunition by a felon (§ 30305, subd. (a)(1) -- count 4). The complaint alleged that, as to counts 2 and 4, defendant was previously convicted of cultivating marijuana in violation of Health and Safety Code section 11358.

On March 25, 2013, defendant entered a plea of no contest to counts 1 and 3 in exchange for dismissal of the balance of charges against him and a maximum county prison sentence of 180 days. The factual basis to substantiate the plea was as follows:

In October 2012, defendant became physically violent and attacked J.A., his girlfriend and the mother of his nine-month-old daughter. During a search of defendant's home incident to his arrest, sheriff's deputies found guns, one of which was stolen, ammunition, 63 full-grown marijuana plants, 140 small marijuana plants, and a digital scale. J.A. produced valid and expired recommendations to grow marijuana for participants of a marijuana collective.

On May 21, 2013, the trial court suspended imposition of sentence and placed defendant on three years' formal probation subject to specified terms and conditions, including that he serve 180 days in county jail. The court imposed fees and fines, including a $960 restitution fine (§ 1202.4); a $960 probation revocation fine, stayed

---

[1] Undesignated statutory references are to the Penal Code.

2

pending successful completion of probation (§ 1202.44); a $780 fine comprised of a $200 base fine (§ 672), a $200 state penalty assessment (§ 1464, subd. (a)), a $20 DNA penalty assessment (Gov. Code, § 76104.6), an $80 DNA penalty assessment (Gov. Code, § 76104.7), a $100 state court facilities construction fee (Gov. Code, § 70372, subd. (a)(1)), a $140 county penalty assessment (Gov. Code, § 76000, subd. (a)(1)), and a $40 state criminal fine surcharge (§ 1465.7, subd. (a)); an $80 court operations assessment (§ 1465.8, subd. (a)(1)); a $60 criminal conviction assessment (Gov. Code, § 70373); and a $400 domestic violence fine (§ 1203.097, subd. (a)(5)).  The court further ordered that defendant pay a $151 booking fee and the costs of probation services, not to exceed $50 per month, "according to his financial ability."

On December 6, 2013, the probation department filed a petition for revocation of probation alleging defendant violated probation by being in possession of marijuana for sale in violation of Health and Safety Code section 11359 and cultivating marijuana in violation of Health and Safety Code section 11358.

*Case No. 13F7897*

On December 17, 2013, defendant was charged by criminal complaint with possession of marijuana for sale (Health & Saf. Code, § 11359 -- count 1) and cultivating marijuana in violation of Health and Safety Code section 11358 (count 2).

On May 12, 2014, defendant pleaded guilty to count 1 and admitted violating probation in case No. 12F8736 in exchange for a maximum state prison sentence of five years four months and dismissal, with a *Harvey*[2] waiver, of all remaining charges and allegations.  The factual basis to substantiate the plea was as follows:

In October 2013, Shasta Interagency Narcotic Task Force agents conducted a warrant search at 20710 Dersch Road.  Defendant was the only occupant of the residence

_____

[2]  *People v. Harvey* (1979) 25 Cal.3d 754 (*Harvey*).

3

at the time of the search.  Agents discovered two containers of marijuana in the kitchen, two bedrooms prepared as marijuana drying areas, several drying lines strung across the rooms with marijuana hanging from them, plastic sheets covering the floors, trimming tools and marijuana clippings on the floor, and a marijuana garden located in the back yard, all yielding a total of 170.6 pounds of marijuana and 104 live marijuana plants. Defendant provided agents with marijuana recommendations, two of which were expired and reflected a caregiver designation other than defendant.

*Sentencing on Both Cases*

At the August 27, 2014, sentencing hearing, the trial court denied probation and sentenced defendant to state prison for an aggregate term of three years four months, comprised of the lower term of two years on count 1, plus a consecutive term of eight months (one-third the middle term) on count 3, in case No. 12F8736, plus a consecutive term of eight months (one-third the middle term) in case No. 13F7897.  The court awarded defendant 68 days of actual custody credit plus 68 days of conduct credit for a total of 136 days of presentence custody credit.

The court imposed fees and fines in case No. 13F7897 as follows:  A $90 criminal court conviction fee ($30 for each of the three counts); a $120 court security fee ($40 for each of the three counts); a $280 restitution fine; a $280 parole revocation fine, stayed pending successful completion of parole; and a $195 criminal laboratory fee.

Defendant filed timely notices of appeal in both cases.

II

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

4

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant. We note, however, that the abstract of judgment does not include some of the fees and fines imposed in case No. 12F8736, namely, the $80 court operations assessment (§ 1465.8, subd. (a)(1)) and the $60 criminal conviction assessment (Gov. Code, § 70373). We will direct the trial court to correct the abstract to include these two assessments.

## DISPOSITION

Defendant's convictions and sentences are affirmed. The matter is remanded to the trial court for correction of the abstract of judgment as set forth in this opinion. The court is directed to send a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.


　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　Blease, Acting P. J.


We concur:


　　　/s/
　　Mauro, J.


　　　/s/
　　Duarte, J.


5